UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEDGWICK IYASERE,

               Plaintiff,

- against -

NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE,

               Defendant.

MEMORANDUM
OPINION AND ORDER

04 Civ. 4680 (LAK) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Sedgwick Iyasere brings this case against defendant New York State Department of Taxation and Finance alleging employment discrimination. On September 15, 2005, Iyasere filed a motion to compel defendant to produce discovery documents. *See* PACER Doc # 13. The Court held a conference on November 8, 2005 ("November 8 conference"), at which outstanding discovery disputes were addressed, and Iyasere's motion was denied. On February 7, 2006, the Court issued a written order setting forth the determinations made at the November 8 conference. By letter dated February 21, 2006, Iyasere requests reconsideration of the Court's denial of his motion to compel. For the reasons which follow, Iyasere's request for reconsideration is **DENIED**.

## II. STANDARD FOR RECONSIDERATION

As a *pro se* litigant Iyasere is entitled to significant liberality in how his pleadings are construed, and is held "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519 (1972). He may move for reconsideration on the basis of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Federal Rules of Civil

Procedure. Iyasere must outline "the matters or controlling decisions which [he] believes the court has overlooked." Local Rule 6.3. Reconsideration is merited if he can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." **Shamis v. Ambassador Factors Corp**., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." **Id**.

### III. DISCUSSION

The Court denied Iyasere's motion to compel at the November 8 conference. Although his motion was denied, the Court ordered defendant to produce all records responsive to Iyasere's document request for which an objection had not been raised. By Order dated February 7, 2006, the Court set forth in writing the rulings made at the November 8 conference. Iyasere filed his request for reconsideration in response to this written order. He was aware, however, that his motion was denied at the November 8 conference. Iyasere's request for reconsideration was filed more than three months after the conference. Since any request for reconsideration should have been filed immediately after the conference, his request for reconsideration is untimely, and is, therefore, **DENIED**.

Even if Iyasere's request for reconsideration were timely, he has failed to present any new argument or evidence that would support a finding that the requested documents are relevant to a claim in this action. Iyasere has failed to indicate that the Court overlooked a factual matter or legal argument. His request for reconsideration is, therefore, **DENIED**.

At the November 8 conference the Court granted Iyasere leave to file a new motion to compel after conducting further discovery. The Court expects any new motion to be supported by new factual or legal arguments based, in part, on findings from discovery. The record indicates that the parties have not engaged in discovery since the November 8 conference. The Court granted Iyasere's request to stay discovery in this action until April 16, 2005. A new motion to compel at this time would, therefore, be frivolous and without merit.

### IV. CONCLUSION

For the foregoing reasons, Iyasere's motion for reconsideration is **DENIED**.

**SO ORDERED this 27th day of February 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3